T.C. Summary Opinion 2004-2

UNITED STATES TAX COURT

JEANETTE M. AND TOM M. KIMBALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16640-02S.                Filed January 8, 2004.

Jeanette M. Kimball, pro se.

<u>Stephen J. Neubeck</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $1,848 for the taxable year 2000.

The issue for decision is whether petitioners are liable for a section 72(t) additional tax on an early distribution from a qualified retirement plan.[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Columbus, Ohio, on the date the petition was filed in this case.

There are no disputed facts in this case. Petitioner wife (petitioner) withdrew $17,222.69 from a qualified retirement plan in 2000. Petitioner withdrew the funds in order to pay for certain medical treatments which she started in 2000, but the payments for these services were made primarily in 2001.[2] On petitioners' joint Federal income tax return for 2000, petitioners included in income the $17,222.69 distribution, but they did not report liability for the section 72(t) additional tax. Although petitioners itemized their deductions, they did not claim a deduction for medical expenses. In the notice of

---

[1]Petitioners concede liability for the self-employment income tax.

[2]On petitioners' joint Federal income tax return for 2001, petitioners claimed an itemized deduction of $8,724.13 for medical expenses totaling $16,252.75, after application of the 7.5-percent limitation under sec. 213(a).

deficiency, respondent determined that petitioners are liable for a section 72(t) additional tax of $1,722.

Section 72(t)(1) generally imposes a 10-percent additional tax on early distributions from qualified retirement plans, unless the distribution comes within one of several statutory exceptions. The exception relevant to the case at hand, found in section 72(t)(2)(B), provides that the following distributions are not subject to the additional tax:

> Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year).

The deduction allowed under section 213(a) is for "the expenses paid during the taxable year, * * * for medical care * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income."

Petitioners argue that the distribution from petitioner's retirement plan was used to pay medical expenses and therefore meets the requirements of the section 72(t)(2)(B) exception. Respondent argues that this exception includes only those distributions which are used for deductible medical expenses paid in the same taxable year that the distribution was made.

We agree with respondent. The unambiguous language of section 72(t)(2)(B) limits the scope of the exception to the amount of deductible medical expenses "paid during the taxable

year" of the distribution. Thus, the section 72(t)(2)(B) exception is not available to petitioners in 2000 because they did not pay any deductible medical expenses during that year.[3]

Petitioners argue in their petition that they were advised by petitioner's employer that the additional tax would not apply. They further argue that the filing instructions provided by the Internal Revenue Service state that the retirement plan should have noted petitioner's liability for the penalty on the Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., but that the form did not reflect any such liability. Finally, petitioners argue that they "have all medical receipts, bills, statements showing [petitioner's] out of pocket payments made following the withdrawal."

We do not question whether petitioners used the distributed funds for petitioner's medical expenses. However, regardless of whether petitioner's employer provided misguided advice, or whether her retirement plan failed to issue her a properly completed form,[4] the requirements of section 72(t)(2)(B) must be

---

[3]We note that even if petitioner had received the distribution in 2001, the sec. 72(t)(2)(B) exception would have applied only to $8,724.13 of the $17,222.69 distribution, which was the amount of petitioners' deductible medical expenses in that year.

[4]Petitioners, in their argument concerning the form issued by the retirement plan, point to the instructions for line 30 of
(continued...)

met.  Because the distribution from the retirement plan was not received in the year in which the deductible medical expenses were paid, no portion of the distribution is excepted from the section 72(t) additional tax under section 72(t)(2)(B).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4](...continued)
Form 1040, U.S. Individual Income Tax Return.  This line is labeled "Penalty on early withdrawal of savings."  Although this wording is similar to the statutory language of section 72(t), the line on the return which is meant to be used to report liability for the sec. 72(t) additional tax is line 54, labeled "Tax on IRAs, other retirement plans, and MSAs."